UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

FRANK INMAN,                                    )
                                                )
                    Petitioner,                 )
                                                )
        v.                                      )         2:15-cv-00113-GZS
                                                )
                                                )
SCOTT LANDRY,                                   )
Superintendent, Maine Correctional Center,  )
                                                )
                    Respondent.                 )


**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Frank Inman seeks relief pursuant to 28 U.S.C. § 2254. Petitioner

pled guilty and was convicted in state court in Maine of burglary, theft, and criminal mischief. In

his section 2254 petition, Petitioner alleges: (1) ineffective assistance of counsel (Ground One);

(2) prosecutorial misconduct (Ground Two); (3) excessive delay by the state court in processing

his post-conviction matter (Ground Three); and (4) improper medical care (Ground Four).

(Petition, ECF No. 1.) The State has moved to dismiss the case without prejudice on the ground

that Petitioner failed to exhaust his claim of ineffective assistance of counsel. (Response, ECF

No. 11.)

After a review of the petition and the State's request for dismissal, the recommendation is

that the Court dismiss with prejudice Grounds Three and Four. I further recommend that before

the Court determines whether to dismiss Grounds One and Two without prejudice, the Court

provide Petitioner with an opportunity to decide whether he wishes to abandon Ground One

(ineffective assistance of counsel), which is an unexhausted claim.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The state court record, which consists of the docket sheets for the underlying criminal case and the post-conviction matter, reveals that Petitioner was charged by a criminal complaint, filed in Penobscot County Superior Court in April 2013, with burglary, 17-A M.R.S. § 401(1)(A) (Class C); theft by unauthorized taking or transfer, 17-A M.R.S. § 353(1)(B)(5) (Class D); and criminal mischief, 17-A M.R.S. § 806(1)(A) (Class D).  *State v. Inman*, No. PENCD-CR-2013-01323 (Me. Super. Ct., Pen. Cnty., Apr. 9, 2013).  (State Court Record ("Record"), ECF No. 11-1 at 2.) Counsel was appointed prior to Petitioner's initial appearance.  (Record at 2.)  Petitioner was indicted in June 2013 (*Id.* at 3.)  In August 2013, counsel moved to withdraw; the court granted the motion and appointed new counsel, who represented Petitioner through the plea hearing and sentencing.  (*Id.* at 4-6.)  In November 2013, Petitioner pled guilty and was convicted of all three charges.  (*Id.* at 4-5.)  The court sentenced Petitioner to three years and six months on the burglary charge, and to terms of 90 days, to be served concurrently with the sentence on the burglary charge, on each of the other charges.  (*Id.*)  Petitioner did not appeal from the convictions, nor did he file an application for leave to appeal from the sentence.  (*Id.* at 6-7.)

In January 2014, Petitioner filed a petition for state court review.  *Inman v. State*, No. PENCD-CR-2014-00218 (Me. Super. Ct., Pen. Cnty., Jan. 17, 2014).  (Record at 8.)  Petitioner filed an amended petition in February 2014, and counsel was appointed in March 2014.  (Record at 8-9.)  In August 2014, counsel filed a motion for a new scheduling order.  (*Id.* at 9.)  In September 2014, the court scheduled an evidentiary hearing to be held in December 2014.  (*Id.*) In October 2014, counsel for Petitioner filed a motion to continue the evidentiary hearing for 60 days.  (*Id.* at 10.)  The court granted the motion to continue and scheduled the evidentiary hearing for March 2015.  (*Id.*)

The docket notes that after the court heard a motion in February 2015, Petitioner was to advise the court whether he wanted to have a mental examination performed through the State or by a private mental health evaluator.  (*Id.* at 10-11.)  The final docket entry reflects that on March 25, 2015, the court continued the hearing and granted Petitioner's motion to have a private mental health evaluator conduct the examination.  (*Id.* at 11.)

Petitioner asserts that he placed his section 2254 petition into the prison mailing system on March 18, 2015.  (Petition at 16.)  In the State's response, it represents that as of the date of filing of the response on April 27, 2015, the state court post-conviction review proceeding was still pending in the state Superior Court.  (Response at 3.)

In Ground One of his section 2254 petition, Petitioner claims ineffective assistance of counsel.  He alleges that the attorney who represented him from his initial appearance to August 2013, and the attorney who represented him from August 2013, through his November 2013 plea hearing and sentencing were ineffective because (1) neither counsel raised mental health issues; (2) neither counsel argued in Petitioner's defense; (3) initial counsel discussed the case with plea and sentencing counsel after initial counsel had withdrawn and without first obtaining Petitioner's permission; and (4) plea and sentencing counsel made misrepresentations to Petitioner about post-sentencing review and the post-conviction process, and, as a result, Petitioner missed deadlines in the post-sentencing and post-conviction proceedings.  (Petition at 6.)  Petitioner contends that he raised the ineffective-assistance issues in his state court post-conviction matter, and he asserts that the post-conviction matter was still pending.  (*Id.* at 7.)  The State also represents that Petitioner raised the same issues in his state court post-conviction petition.  (Response at 3.)

In Ground Two of his section 2254 petition, Petitioner claims prosecutorial misconduct. (Petition at 8.)  Specifically, he alleges that the misconduct is related to the State's request that he

testify in the prosecution of another person who was accused of operating under the influence and running into Petitioner with his vehicle in December 2011.  (*Id.* at 8.)  Petitioner alleges that when he told the prosecutor that he was not mentally fit to testify at the trial of the other person, the prosecutor threatened to retaliate by denying Petitioner pretrial services and by filing a motion that Petitioner had violated his probation.  (*Id.*)  In his section 2254 petition, Petitioner acknowledges that he did not raise the issue in his state court post-conviction petition because he did not know how to address it, and he feared further retaliation.  (*Id.*)

In Ground Three, Petitioner complains about the delay in obtaining an evidentiary hearing in his state court post-conviction proceeding.  (*Id.* at 9.)  He alleges that at the time of filing of his section 2254 petition, he was within eleven months of release, but his state court post-conviction case had not yet been resolved.  (*Id.*)  Petitioner asserts that he did not raise the issue in his state court post-conviction petition because of a lack of knowledge as to how to address the issue, and because of a fear of retaliation. (*Id.* at 10.)  In Ground Four, Petitioner claims that prison officials have refused proper treatment of his Huntington's disease, and as a result, his health is worsening. (*Id.* at 11.)

The State argues that Petitioner's section 2254 petition must be dismissed because Petitioner has not exhausted all available state remedies.  (Response at 3.)  In response to the State's request, Petitioner argues that the delay in the state court post-conviction proceeding is excessive, and he alleges that prison officials have retaliated against him and provided improper medical treatment.  (Reply, ECF No. 17 at 1-2.)

## II.   DISCUSSION

### A.  Grounds One, Two, and Three of the Petition

Petitioner's claim of ineffective assistance of counsel (Ground One) is still pending in state court and, therefore, the claim is unexhausted.  Because Petitioner did not seek state court review of his claim of prosecutorial misconduct (Ground Two), the claim is technically exhausted, but procedurally defaulted.  *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that "if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted" but "procedurally defaulted").[1]

The pending section 2254 petition contains both unexhausted and technically exhausted claims and is thus "mixed."  *See Rhines v. Weber*, 544 U.S. 269, 271 (2005) ("We confront here the problem of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not.")  A section 2254 petition may not be granted until the applicant first exhausts all state court remedies, unless there is no available or effective state court remedy. 28 U.S.C. § 2254(b), (c).[2]

---

[1] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition."  *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).  The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*."  *Rosenthal v. O'Brien*, 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997)).

[2] Title 28 U.S.C. § 2254(b) and (c) address exhaustion of state remedies, stating:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)**  the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

In Ground Three, Petitioner alleges excessive delay as the reason for Petitioner's failure to exhaust his state court post-conviction matter.  Ground Three, in substance, does not assert an independent claim for relief, but rather contends that the delay has rendered the state court process ineffective to protect Petitioner's rights under 28 U.S.C. § 2254(b)(i)(B)(ii).  Because Ground Three does not assert an independent claim for relief, Ground Three should be dismissed with prejudice.

The allegations in Ground Three, i.e., excessive delay, could conceivably be justification for Petitioner's failure to exhaust his state court remedies in connection with his Ground One ineffective assistance of counsel claim.  Even if in certain instances excessive delay results in an "ineffective process" as contemplated by 28 U.S.C. § 2254(b)(i)(B)(ii), the record in this case establishes that Petitioner's claim of excessive delay is without merit.  In fact, Petitioner's requests to continue the hearing in the state court proceeding are the principal causes of any delay in the proceeding.[3]  Simply stated, to the extent the state court matter has been delayed to any degree, the delay has not been excessive and does not excuse Petitioner's failure to exhaust state court remedies under section 2254(b)(i)(B)(ii).  This Court, therefore, should not consider Petitioner's ineffective assistance claim until Petitioner has exhausted his state court remedies.

---

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[3] Petitioner does not appear to claim ineffective assistance of post-conviction counsel, but in any event such a claim would lack merit, as the State has no federal constitutional responsibility to provide counsel in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991).

The First Circuit, in *DeLong v. Dickhaut*, 715 F.3d 382, 386-87 (1st Cir. 2013) (per curiam), recognized that a district court has two options when addressing a mixed petition such as is presented in this case.   A court could afford the petitioner the opportunity to dismiss the unexhausted claim, or the court could stay the case pending final decision in the state court.  *Id.* Regarding the first option, the First Circuit noted: "We have held that where a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims." *Id.* at 387.   If the petitioner declines to dismiss the unexhausted claims, the court should then dismiss the entire petition without prejudice.  *Id.*  The First Circuit observed: "We have recommended that district courts advise petitioners of the option, under [*Rose v. Lundy*, 455 U.S. 509 (1982)], to abandon any unexhausted claims and consider this the 'wiser practice.'" *Id.* (quoting *Neverson v. Farquharson*, 366 F.3d 32, 43 (1st Cir. 2004)).

As part of Petitioner's consideration as to whether to dismiss voluntarily or abandon Petitioner's unexhausted claim (Ground One), Petitioner is advised that if he dismisses the unexhausted claim and proceeds on the remaining claim (Ground Two), his subsequent filing of the voluntarily dismissed claim would be subject to the strict gatekeeping requirements applicable to such actions as set forth in 28 U.S.C. § 2244(b), and thus he could be foreclosed from reasserting the claim.[4]  If, on the other hand, Petitioner chooses not to dismiss his unexhausted claim of

---

[4] Title 28 U.S.C. § 2244(b) states in part:

   **(1)**  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   **(2)**  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

      **(A)**  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      **(B)**  **(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

ineffective assistance, the Court might dismiss the entire petition without prejudice.  *See DeLong*, 715 F.3d at 387.

While first affording Petitioner the opportunity to abandon the unexhausted claim is the preferred approach, the First Circuit in *DeLong* also concluded that the court could "stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims, then lift the stay and adjudicate the petition once all claims are exhausted."  715 F.3d at 387.[5]  A stay is not automatic; to obtain a stay and abeyance, a petitioner must demonstrate "'good cause'" for the failure to exhaust the state remedy.  *Id.*  Furthermore, a stay will not be granted if a petitioner's unexhausted claims are "'plainly meritless.'"  *Id.* (quoting *Rhines*, 544 U.S. at 277).

As explained above, Petitioner's contention that he did not exhaust his claim of ineffective assistance of counsel because of excessive delay in the state court post-conviction proceeding is not supported on the record.  Accordingly, Petitioner has not demonstrated good cause for his failure to exhaust the state court remedy.  A stay thus would not be appropriate.

---

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[5] A stay is concordant with the principles of comity.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2004) ("That doctrine 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).  The First Circuit has stated:

Principles of comity and federalism push in favor of giving state courts, without premature federal interference, a meaningful opportunity to consider, and if necessary to correct, claims of legal error in state criminal prosecutions.  *See Vasquez v. Hillery*, [474 U.S. 254, 257 (1986)].  Consequently, federal courts are, in most instances, barred from granting habeas relief on a particular claim unless the petitioner has exhausted the remedies available to her in state court with respect to that claim. But exhaustion is a prudential principle rather than a jurisdictional limitation, so a state may waive the defense of nonexhaustion.

*Pike v. Guarino*, 492 F.3d 61, 71 (1st Cir. 2007) (citations omitted).

### B.  Ground Four of the Petition

Because Petitioner's Ground Four claim of improper medical treatment of his Huntington's disease does not relate to the legality of Petitioner's conviction or sentence, the claim is not cognizable in a habeas petition.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (noting that 42 U.S.C. § 1983 is the proper remedy for a constitutional challenge to conditions of confinement but not the duration of imprisonment, whereas a habeas action is the sole federal remedy for a challenge to the fact or duration of imprisonment); *Muhammad v. Close*, 540 U.S. 749, 750-51 & n.1 (2004) (per curiam) (recognizing that "[s]ome cases are hybrids," but noting that the Court "has never followed the speculation in [*Preiser*, 411 U.S. at 499], that . . . a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983"); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. §1983 . . . [,] not through federal habeas proceedings.")  Because Petitioner's claim for improper medical treatment is not cognizable in a habeas petition, the Court need not determine whether Petitioner has exhausted the claim.  *See Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982) (holding that when section 2254 is not applicable, "[i]t is unnecessary . . . to inquire whether the prisoner preserved his claim before the state courts").[6]  Ground Four is subject to dismissal with prejudice without further proceedings.

---

[6] The Court takes judicial notice that Petitioner's Ground Four is the subject of a civil claim (Complaint, No. 2:15–cv–00080–JAW, ECF No. 1 at 4.)  *See E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir.1986) (holding that the Court may take judicial notice of a complaint filed in another court in a related case when neither party disputes the authenticity of the complaint).

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases with respect to Grounds Three and Four of the petition, and the recommendation is that the Court dismiss Grounds Three and Four with prejudice.  It is recommended that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases with respect to Grounds Three and Four of the petition, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

As to the "mixed" claims set forth in Ground One (ineffective assistance of counsel) and Ground Two (prosecutorial misconduct), the recommendation is as follows:

The Court establish a date by which Petitioner shall advise the Court whether he wishes to abandon his unexhausted claim (ineffective assistance of counsel) and proceed on his exhausted claim (prosecutorial misconduct).[7]  If Petitioner fails to so notify the Court, or advises the Court that he does not wish to abandon his unexhausted claim (ineffective assistance of counsel), I recommend that the Court dismiss Grounds One and Two without prejudice.  If Petitioner advises the Court that he is abandoning the unexhausted claim (ineffective assistance of counsel), I will establish a schedule by which the parties may address Ground Two.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[7] Petitioner is again advised that if he chooses to dismiss his unexhausted claim of ineffective assistance and proceed with his claim of prosecutorial misconduct, any future petition he files to pursue the claim of ineffective assistance, or any other habeas claim for that matter, will be subject to the gatekeeping provisions of section 2244(b) to the extent those are applicable.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of June, 2015.