UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   2:15-cv-00113-GZS |
| | ) |
| SCOTT LANDRY, | ) |
| | ) |
|    Respondent. | ) |

**RECOMMENDED DECISION
ON MOTIONS FOR RELEASE**

In this matter, Petitioner Frank Inman again requests, through two separate motions, an order from the Court that would release him from prison. In support of his requests, Petitioner cites an alleged outbreak of scabies, plumbing issues in Dorm 6, and other concerns that he has with the Maine Correctional Center. (October 28, 2015 Letter Motion for Release, ECF No. 34.) In addition, Petitioner seeks his release based on his dissatisfaction with the conduct of the district attorney and his counsel in connection with his post-conviction proceeding in state court, based on his assignment to general population in the prison, and based on the emotional distress that he has suffered as the result of his situation. (September 23, 2015 Letter Motion for Release, ECF No. 30.)

To the extent that Petitioner's requests can and should be construed as motions for bail, the Court previously denied a similar request. Consistent with the Court's analysis and determination in the order denying bail, in the instant motions, Petitioner has failed to assert sufficient facts or provide record evidence to support a finding of exceptional circumstances to warrant Petitioner's

release on bail. (See Report and Recommended Decision, ECF No. 9; Order Affirming Report and Recommended Decision, ECF No. 16.)[1]

In the event that Petitioner's latest requests can and should be construed as motions for injunctive relief, Petitioner's requests also fail. To obtain emergency injunctive relief, Petitioner must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

In evaluating a request for injunctive relief, a court must be mindful that "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

In his filings, Petitioner has failed to establish that he is entitled to his release and thus has failed to demonstrate that he is entitled to immediate injunctive relief. Significantly, Petitioner's

---

[1] The Court also denied an earlier motion seeking release to community confinement. (ECF No. 27.)

assertions are not under oath, and are not corroborated by admissible evidence.[2]  In addition, Petitioner has not provided any evidence or information from which the Court could conclude that he is likely to prevail on his claim, or that any of the other relevant factors militate in favor of the relief requested.[3]

Petitioner thus has failed to present any facts or evidence that would warrant his release in the form of injunctive relief or bail.  Accordingly, I recommend that the Court deny Petitioner's motions for release.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2015.

---

[2] Petitioner made similar requests in other litigation.  *Inman v. Austin*, No. 2:15-cv-00267-JAW, ECF No. 10; *Inman v. Landry*, No. 2:15-cv-00243-GZS, ECF Nos. 6; *Inman v. Riebe*, No. 2:15-cv-00080, ECF No. 7.  He is, therefore, on notice of the requirement that he present record evidence to support his requests.

[3] In one of his motions (ECF No. 30), Petitioner cites his emotional health in support of his request for release or transfer to "Acadia Hospital."  Typically, as Petitioner is likely aware, medical treatment, including mental health treatment, is available through the prison.  In most instances, an inmate must attempt to address his medical care needs first through the prison administration before he can seek relief from the Court.