UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   2:15-cv-00113-GZS |
| | ) |
| | ) |
| SCOTT LANDRY, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Frank Inman seeks to continue to pursue relief, pursuant to 28 U.S.C. § 2254, from a state court post-conviction judgment, despite the fact that the state court granted his post-conviction petition and vacated the underlying judgment of conviction and sentence.[1]  Following a review of Petitioner's response to the Court's order to show cause as to why the petition should not be dismissed as moot, I recommend that the Court dismiss the section 2254 petition.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A detailed discussion of the factual and procedural history of this case can be found in the prior recommended decision, *Inman v. Landry*, 2015 WL 4643122; 2015 U.S. Dist. Lexis 82931 (D. Me. June 25, 2015) (recommended decision); 2015 U.S. Dist. Lexis 101665 (D. Me. Aug. 4, 2015) (order affirming).  (Recommended Decision, ECF No. 23; Order Affirming, ECF No. 26.)

---

[1] Petitioner first notified the Court, by a motion filed in another case, that his conviction had been vacated.  (*Inman v. Riebe*, No. 2:15-cv-00080-JAW, ECF No. 59.)

For purposes of this recommended decision, the relevant history is as follows: Petitioner filed a state court post-conviction petition in January 2014, which petition was pending when he filed his section 2254 petition in this Court in March 2015. *Inman v. State*, No. PENCD-CR-2014-00218 (Penobscot Cty., Jan. 17, 2014). In December 2015, the state court granted the petition and vacated Petitioner's underlying criminal conviction and sentence.[2] (*Inman v. State*, No. PENCD-CR-2014-00218 (Penobscot Cty., Dec. 18, 2015) (vacating the conviction and sentence in *State v. Inman*, No. PENCD-CR-2013-01323 Unified Criminal Docket (Penobscot Cty., Dec. 18, 2015)).)

Because the state court vacated the judgment, this Court ordered Petitioner to show cause as to why the Court should not dismiss as moot Petitioner's section 2254 petition. (Order to Show Cause, ECF No. 44.) In response, Petitioner evidently attempted to assert additional claims based on alleged conduct that occurred after the state court vacated his conviction and sentence. Specifically, he contends that his section 2254 petition should not be dismissed because (1) the State continues to engage in prosecutorial misconduct; (2) Petitioner should be released on bail due to his own health and his need to attend to the health of a family member; and (3) Petitioner is receiving ineffective assistance of counsel in the state court proceedings. (Letter, Response, and Supplemental Response, ECF Nos. 45-47.)

## II.   DISCUSSION

Section 2254(a) states: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of

---

[2] The state court granted the petition after concluding that at the plea hearing, "the Court failed to inform [Petitioner] of the maximum possible sentence" for one of Petitioner's offenses. (*Inman v. State*, No. PENCD-CR-2014-00218 (Penobscot Cty., Dec. 18, 2015) (vacating the conviction and sentence in *State v. Inman*, No. PENCD-CR-2013-01323 Unified Criminal Docket (Penobscot Cty., Dec. 18, 2015)).)

the Constitution or laws or treaties of the United States." For the Court to entertain a petition filed pursuant to 28 U.S.C. § 2254, therefore, a petitioner must be in custody pursuant to a state court judgment.

Because the state court judgment that was the subject of Petitioner's section 2254 challenge has been vacated, Petitioner is no longer in custody pursuant to that judgment.[3] Consequently, his section 2254 action in this Court is moot. *See LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1239-40 (11th Cir. 2005) (dismissing as moot a section 2254 petition to the extent it challenged a vacated death sentence). "Mootness is jurisdictional," and, therefore, this Court no longer has jurisdiction over the petition. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citing U.S. Const., Art. III, § 2; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("noting that "[t]he Constitution's case-or-controversy limitation on federal judicial authority, Art. III, §2, underpins both our standing and our mootness jurisprudence")).[4] Accordingly, dismissal of the claims asserted by Petitioner in his section 2254 petition is appropriate.[5]

---

[3] According to Petitioner's allegations in his response to the order to show cause, he remains in custody. (ECF No. 47 at 1-2.) The docket sheet in Petitioner's criminal case, No. PENCD-CR-2013-01323, reflects that the state court set a cash bail bond on the same date on which it vacated his conviction and sentence. Petitioner alleges that bail is excessive and that the State and the court are causing excessive delay in retaliation against him for his complaints. (ECF No. 45 at 1, No. 46 at 2, No. 47 at 1-2.)

[4] The Court may raise jurisdictional issues on its own, i.e., *sua sponte*. *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

[5] The Court previously dismissed with prejudice Petitioner's claim of excessive delay in the processing of his state court post-conviction petition, and it dismissed with prejudice his claim of improper medical care. *Inman*, 2015 WL 4643122, at *3-5; 2015 U.S. Dist. Lexis 82931, at *9, 14-15. (Recommended Decision, ECF No. 23 at 6, 9; Order Affirming, ECF No. 26.) In addition, Petitioner dismissed his claim of ineffective assistance of counsel. *Inman*, 2015 WL 4643122, at *4; 2015 U.S. Dist. Lexis 82931, at *11, 14-15. (Recommended Decision at 7-8; Motion to Dismiss, ECF No. 25; Notice, ECF No. 29.) The only remaining claim is for prosecutorial misconduct, which claim is procedurally defaulted because Petitioner did not raise it in state court. *Inman*, 2015 WL 4643122, at *3; 2015 U.S. Dist. Lexis 82931, at *7 (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). (Recommended Decision at 5.)

To the extent Petitioner attempts to assert additional claims in his response to the Court's order to show cause, the claims are subject to dismissal even if the claims do not relate to the now vacated judgment that Petitioner challenged in his section 2254 petition.[6] The Court lacks jurisdiction over the claims because in the event Petitioner remains in state custody, he is a pretrial detainee and not in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2254(a); *Prince v. Bailey*, 464 F.2d 544, 545 (5th Cir. 1972) (per curiam) (holding that the district court lacked jurisdiction to consider a section 2254 petition, because at the time the petitioner filed the petition, he was a pretrial detainee, and thus his incarceration was "not the result of a state court judgment"). Petitioner's new claims, therefore, should be dismissed without prejudice. *See Prince*, 464 F.2d at 545 (dismissal was without prejudice).

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. In addition, I recommend that the Court dismiss the petition. I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases with respect to the petition, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

---

[6] The new claims appear to be that (1) the State engaged in prosecutorial misconduct after the state court vacated his conviction and sentence; (2) Petitioner is now in pre-trial detention and should be granted bail due to his own health and his need to attend to a family member; and (3) Petitioner is receiving ineffective assistance of counsel in the state court proceedings that have occurred after the state court vacated Petitioner's conviction and sentence.

4

with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2016.